290 S.E.2d 256

**STATE of West Virginia**

v.

**Nelson Eugene CUNNINGHAM.**

**No. 14691.**

Supreme Court of Appeals of
West Virginia.

Nov. 3, 1981.

Lantz & Rudolph and David G. Palmer, Parkersburg, for appellant.

Chauncey H. Browning, Atty. Gen., Richard S. Glaser, Jr., Asst. Atty. Gen. and John Ernest Shank, Law Clerk, Charleston, for the State.

NEELY, Justice:

Appellant, Nelson Eugene Cunningham, appeals his conviction of armed robbery and first-degree sexual assault after a jury trial before the Circuit Court of Wood County.

In the early morning hours of 4 April 1978 the appellant loitered in the Kom Pack store in Parkersburg. When the store's

clerk, a nineteen-year-old female college student, walked into the store's cooler at approximately 5:00 a. m., the appellant followed her in. After hitting her several times and taking off her clothes the appellant forced her to perform oral sex with him. Appellant then left the clerk in the cooler and emptied the cash register on his way out of the store.

After being treated in the hospital, the victim was being taken to the police station when she saw the appellant on the street. The police quickly apprehended the appellant. After the arrest the appellant's clothes were sent to the Criminal Investigation Bureau. Examinations found seminal stains around the zipper of the appellant's jeans.

Before the trial appellant's counsel made a discovery motion which was granted by the court. The State answered the motion in a timely manner and later filed several amendments to its answer. However, the State was unable to notify the appellant's counsel that the appellant's jeans had seminal stains on them until the afternoon before the trial. The trial court denied the appellant's subsequent motion for a continuance.

The appellant has assigned three errors to the proceedings below: (1) the court should have granted the motion for a continuance; (2) the counts of armed robbery and first-degree sexual assault should have been tried separately; and (3) the facts alleged by the State do not constitute the offense of robbery. Finding these assignments to be without merit we affirm.

## I

■ The question of whether a continuance should have been given in a particular trial has confronted this Court many times. Yet our standard of review has not changed since *State v. Jones*, 84 W.Va. 85, 99 S.E. 271 (1919), in which we stated in syllabus point 1:

> The granting of a continuance is a matter within the sound discretion of the trial court ... and the refusal thereof is not ground for reversal unless it is made to appear that the Court abused its discretion, and that its refusal has worked injury and prejudice to the rights of the party in whose behalf the motion was made.

■ In this case the appellant admits that he had sufficient time between the indictment and the trial to prepare. However, appellant contends that he did not have adequate time to prepare a defense to the information concerning the stains on the jeans. In West Virginia, the late production of court-ordered discovery without a showing of particular harm to the defendant's preparation of the case, will not constitute error. *See State v. Trail*, 163 W.Va. 352, 255 S.E.2d 900 (1979); *Wilhelm v. Whyte*, 163 W.Va. 67, 239 S.E.2d 735 (1977). Hence, in this case we must determine whether the appellant was prejudiced in some way by the late disclosure.

It is clear from the record that the appellant knew that the State was conducting examinations of his jeans long before he was actually notified of the results. It is also clear that the appellant had the right to perform his own examination of the jeans before the trial but chose not to assert that right. Therefore we disagree with the appellant's claim that he was "ambushed." Moreover, we find that the nature of the evidence was not prejudicial to his case. Rather, it reinforced his alibi defense that he had been with another woman that night. Appellant's counsel pointed out that there was no indication of how old the stains were. Appellant's counsel was also able to demonstrate that the victim had no idea of whether her assailant had ejaculated during the attack. This further reduced the probative value of the evidence.

Therefore, in light of the facts that the appellant knew that the jeans were being examined, that the evidence was consistent with his alibi, and that the evidence was corroborative and not the primary evidence against appellant, we find that the appellant was not prejudiced by the late production of the evidence and that the trial court did not err in refusing to grant the motion for a continuance.

## II

■ There was no need for the State to elect a count on which it would rely for a conviction. The trial court followed the holdings of several recent cases in ruling that both counts of the indictment could be decided at the same trial. In *State ex rel. Watson v. Ferguson*, 166 W.Va. 337, 274 S.E.2d 440 (1980), we stated in syllabus point 1:

> A defendant shall be charged in the same indictment, in a separate count for each offense, if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are two or more acts or transactions connected together or constituting parts of a common scheme or plan.

■ This is not to say that a defendant faced with multiple counts may not move for a severance of the counts. If the court finds that the defendant would be prejudiced by a joinder of counts, the Court may grant the motion by ordering separate trials for each count. *See State ex rel. Johnson v. Hamilton*, 164 W.Va. 682, 266 S.E.2d 125 (1980). The holdings in these cases are accurately reflected in Rule 8(a) concerning joinder, and Rule 14(a) of the new *West Virginia Rules of Criminal Procedure.*[1]

■ Applying the law as stated above to the facts in this case we cannot say that the trial court abused its discretion in denying the appellant's motion. The facts of the sexual assault were certainly necessary to prove the elements of the armed robbery. In turn the record demonstrates that evidence of the armed robbery would have punctuated the State's case concerning the events surrounding the sexual assault. A

difficulty in sustaining the presumption of innocence because an accused has committed two serious crimes at the same time is not the same as prejudice. There was absolutely no prejudice to the accused since both crimes were proven beyond a reasonable doubt and the accused would not have been able to offer a better defense if the counts had been severed. While the joinder of the counts in one trial may have caused some difficulty for the appellant, there was no way that severance would have relieved that difficulty any better than did the clear instructions to the jury at the end of the case.

## III

Finally appellant contends that, given the facts alleged by the State, his acts could not have constituted armed robbery. The first paragraph of *W. Va. Code*, 61–2–12 [1961] states that persons who commit robbery "by striking or beating, or by other violence to the person, ... shall be guilty of a felony." We have come to view a robbery committed in such a fashion as being an "armed robbery," which term, while not literally accurate, reflects the historical difference in punishment between armed and unarmed robbery. *See State ex rel. Facemyer v. Boles*, 148 W.Va. 702, 137 S.E.2d 237 (1964). Since the *W. Va. Code* gives no further definition of the crime of robbery, this Court has previously resorted to the common law which defines robbery as "the felonious taking of money or goods of value from the person of another or in his presence, against his will, by force or putting him in fear." *State v. Young*, 134 W.Va. 771, 779–80, 61 S.E.2d 734, 739 (1950).

1. These rules state as follows:

Rule 8(a) *Joinder of Offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offense charged, whether felonies or misdemeanors or both, are of the same or similar character. All offenses based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan shall be charged in the same indictment or information in a separate count for each offense whether felonies or misdemeanors or both.

Rule 14(a) *Offenses.* If it appears that a defendant or the State is prejudiced by a joinder of offenses in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of the counts or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the State to deliver to the court for inspection *in camera* any statements or confessions made by the defendant or other relevant information which the State intends to introduce in evidence at the trial.

In this case the appellant beat the store clerk, removed her clothes, told her not to leave the cooler and left, taking her clothes with him. He then emptied the cash register. The clerk's continued absence from the cash register was caused entirely by the violence to the clerk's person. This case is indistinguishable from the situation in *Young* where the robber, holding what appeared to be a gun in his pocket, directed the clerk to hide behind a refrigerator while he took cash from a desk drawer. In both cases the robbers used force to keep their victims away from the money. Therefore, we follow *Young* by asserting that such use of force or fear to keep a victim away from the money or goods during a theft constitutes a taking in the presence of the victim. Hence, the acts of the appellant as alleged by the State do constitute the offense of "armed robbery" as charged, and there is no error.

Accordingly, for the reasons set forth above the judgment of the Circuit Court of Wood County is affirmed.

Affirmed.

McGraw, J., dissented and filed opinion in which Harshbarger, J., joined.