322 S.E.2d 702

**Timothy Ray CLINE**

v.

**The Honorable Rudolph J. MURENSKY, (Judge of the Circuit Court of McDowell County) and Wade T. Watson, (Prosecuting Attorney).**

**French HATFIELD**

v.

**The Honorable Rudolph J. MURENSKY, (Judge of the Circuit Court of McDowell County) and Wade T. Watson, (Prosecuting Attorney).**

**Nos. 16405, 16406.**

Supreme Court of Appeals of West Virginia.

Nov. 14, 1984.

Joseph A. Colosi, Camper & Seay, Welch, for petitioners.

Wade T. Watson, Pros. Atty., Welch, for respondents.

McHUGH, Chief Justice:

These actions are before this Court upon petitions filed by Timothy Ray Cline and French Hatfield who seek to prohibit their prosecution in the Circuit Court of McDowell County, West Virginia, upon indictments for carrying a weapon without a state license. The respondents are the Judge of the Circuit Court of McDowell County and the Prosecuting Attorney of McDowell County.

By order entered on July 10, 1984, this Court issued a stay of circuit court proceedings until final determination of the actions before this Court. Furthermore, this Court directed the respondents to show cause why relief in prohibition should not be awarded against them. The actions were consolidated for argument. This Court has before it the petition, all other matters of record and the briefs and argument of counsel.

I.

On February 4, 1984, an altercation took place at a nightclub operated by the petitioners. Various individuals were injured, and the altercation resulted in a second altercation at a nearby hospital. Ultimately, the petitioners were transported to a McDowell County magistrate court by McDowell County Deputy Sheriff Virgil Vern Walker, Jr. On February 4, 1984, in magistrate court, the petitioners entered pleas of guilty and paid fines upon the misdemeanor offense of brandishing a weapon. *W. Va. Code*, 61-7-10 [1925].

The pleas of guilty to brandishing a weapon were taken in the early morning hours (approximately 4:00 a.m.) of February 4, 1984, and the magistrate, the petitioners and Deputy Walker were the only individuals present. The affidavits of those four individuals are part of the record in this action, and each indicates that the magistrate discussed with the petitioners the offense of carrying a weapon without a license, as well as the offense of brandishing a weapon. The affidavit of the magistrate states as follows: "I discussed both the crimes of brandishing a dangerous weapon and carrying a dangerous weapon with the accused...."

The parties to this action are in disagreement, however, as to whether the petitioners were ever, in fact, charged in magistrate court with the offense of carrying a weapon without a license. In any event, arrest warrants citing the brandishing statute [*W. Va. Code*, 61-7-10 [1925]] were issued and the petitioners entered guilty pleas upon that basis. As the affidavits of the petitioners state: "[The magistrate] told me that if I plead guilty to brandishing a dangerous weapon that the charge of carrying a dangerous weapon without a license would be dropped and that no other charges would be brought against me...."

Subsequently, by misdemeanor indictments numbered 84-M-48 and 84-M-49, the petitioners were charged in the Circuit Court of McDowell County with carrying a weapon without a license. *W. Va. Code*, 61-7-1 [1975]. Those indictments alleged that each petitioner did "carry about his person a certain pistol without first having obtained a State License therefore and not being by law otherwise exempted...." Motions of the petitioners to dismiss the indictments were denied by the circuit court.

II.

The Constitution of the United States provides that no person shall "be subject for the same offense to be twice put in

jeopardy of life or limb...." *U.S. Const.* amend. V. Similarly, the Constitution of West Virginia provides that no person shall "be twice put in jeopardy of life or liberty for the same offence." *W.Va. Const.* art. III, § 5.

The petitioners contend, *inter alia*, that the above "double jeopardy" clauses bar the respondents from prosecuting them for carrying a weapon without a license. Specifically, the petitioners assert that the charges of brandishing a weapon and the charges of carrying a weapon without a license arose from the same incident or transaction of February 4, 1984, and that, therefore, the State was required, under principles of double jeopardy, to charge the petitioners with both offenses at the same time, rather than charging them in magistrate court with brandishing a weapon and subsequently in circuit court with carrying a weapon without a license. According to the petitioners, the indictments violate the considerations behind the constitutional admonishments against double jeopardy.

The respondents admit that the two misdemeanor charges arose from the same incident or transaction. The respondents note, however, that the proceeding before the magistrate, during which the petitioners entered pleas of guilty to brandishing a weapon, occurred in the early morning hours of February 4, 1984, shortly after the altercation at the hospital. The respondents assert that, inasmuch as the State (the McDowell County prosecutor) had no prior knowledge of or opportunity to attend the magistrate court proceeding, the State should not be precluded from its subsequent prosecution of the petitioners upon indictments for carrying a weapon without a license. The respondents conclude that, under the above circumstances, the double jeopardy clauses have not been violated.

### III.

The parties agree that the charges of brandishing a weapon and carrying a weapon without a license arose from the same criminal transaction. This Court has often considered, in view of double jeopardy principles, the prosecution of offenses arising from "the same transaction."

The defendant in *State ex rel. Watson v. Ferguson,* 166 W.Va. 337, 274 S.E.2d 440 (1980), was charged in one indictment with the murder of four persons. The trial court denied the defendant's motion to try all four charges in one proceeding. After his conviction of first degree murder upon one of the charges, the defendant, by original proceeding in this Court, sought to prohibit, upon double jeopardy grounds, prosecution upon the remaining charges. This Court, however, denied the defendant relief in prohibition and stated that "where multiple homicides occur even though they are in close proximity in time, if they are not the result of a single volitive act of the defendant, they may be tried and punished separately under the double jeopardy clause of Article III, Section 5 of the West Virginia Constitution." 166 W.Va. at 344–345, 274 S.E.2d at 448.

■ In so holding, this Court, in *Watson,* formulated a rule, procedural rather than constitutional in nature, which related to the prosecution of a defendant upon multiple offenses. Syllabus point 1 of *Watson* states:

A defendant shall be charged in the same indictment, in a separate count for each offense, if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are two or more acts or transactions connected together or constituting parts of a common scheme or plan.

That "procedural joinder rule," however, was qualified in *Watson* as follows: "There is an obvious qualification to this rule, in that offenses which are unknown to the prosecuting attorney or not committed within the same county are not subject to this joinder rule." 166 W.Va. at 345, n. 13, 274 S.E.2d at 444, n. 13.

Other cases citing *Watson* include: *State v. Flint,* 171 W.Va. 676, 301 S.E.2d 765, 772–74 (1983), (separate trials upon two related murder charges did not violate double jeopardy principles); *State v. Myers,* 171 W.Va. 277, 298 S.E.2d 813, 816 (1982), (multiple deaths resulting from a single

negligent operation of a motor vehicle may be charged and punished as separate offenses); *State v. Pancake*, 170 W.Va. 690, 296 S.E.2d 37, 43–44 (1982), (separate punishments upheld for burglary and rape convictions, which convictions arose from a single criminal transaction); *State v. Cunningham*, 170 W.Va. 119, 290 S.E.2d 256, 259–60 (1981), (an armed robbery charge and a related sexual assault charge were properly joined for trial); *State v. Mitter*, 168 W.Va. 531, 285 S.E.2d 376, 380–83 (1981), (five indictments for related sexual offenses were properly consolidated for trial); *State v. Barnett*, 168 W.Va. 361, 284 S.E.2d 622, 624 (1981), (delivery of two controlled substances at the same time and place to the same person is one offense for double jeopardy purposes); and *State v. Rogers*, 167 W.Va. 358, 280 S.E.2d 82, 84 (1981), (a verdict of not guilty of "pistol toting" did not invalidate a verdict at a prior trial of guilty of unlawful wounding).

Furthermore, language similar to syllabus point 1 of *Watson* appears in Rule 8(a) of the West Virginia Rules of Criminal Procedure. Those rules took effect on October 1, 1981. As rule 8(a) provides:

> *Joinder of Offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character. All offenses based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan shall be charged in the same indictment or information in a separate count for each offense, whether felonies or misdemeanors or both.

See also *W.Va.R.Crim.P.* 13 and 14.

In *Gilkerson v. Lilly*, 169 W.Va. 412, 288 S.E.2d 164 (1982), the defendant was indicted in circuit court for nighttime breaking and entering, a felony, subsequent to his conviction in magistrate court for the misdemeanor offense of contributing to the delinquency of a minor. Those two offenses, however, arose from the same transaction—breaking into a dairy stand. The defendant, by original proceeding in this Court, sought to prohibit, upon double jeopardy grounds, his prosecution for breaking and entering. We denied relief and stated as follows:

> [T]he same transaction test cannot be used to bar a subsequent felony prosecution on the grounds that a misdemeanor conviction has been obtained in magistrate court for a misdemeanor arising out of the same transaction unless the defendant moves in the magistrate court that the prosecutor proceed on the misdemeanor by indictment and try the defendant on the misdemeanor charge jointly with the felony in the circuit court. Once that occurs, the problem of related prosecutions will become obvious to the prosecutor. . . .

169 W.Va. at 420, 288 S.E.2d at 169.

As in *Watson*, this Court thus indicated in *Gilkerson* that the awareness of the prosecuting attorney (that multiple offenses in a single transaction may have been committed by a defendant) is relevant to the application of the procedural joinder rule. We stated in *Gilkerson* that, generally, "a person cannot be tried at a second trial for an offense *of which the prosecution was aware* at the time of the first trial if the second offense arose out of the same transaction as the first offense." 169 W.Va. at 418, 288 S.E.2d at 168. (emphasis added).

Based upon *Watson* and *Gilkerson*, the result in this action is clear, as far as the "procedural joinder rule" is concerned. Inasmuch as the petitioners entered pleas of guilty in magistrate court upon arrest warrants for brandishing a weapon and, subsequently, were indicted in circuit court for carrying a weapon without a license, no procedural joinder, within the meaning of *Watson,* occurred. However, the record in this action indicates that the McDowell County prosecutor had no prior knowledge of or opportunity to attend the magistrate court proceeding. That proceeding, at which the pleas to brandishing were entered, took place at approximately 4:00 a.m., shortly after the altercation at the hospital. Under the circumstances of this action and in view of the flexibility of the procedural joinder rule, we are of the opin-

ion that the prosecutor was not precluded from seeking indictments in circuit court for the offense of carrying a weapon without a license.

Therefore, this Court holds that where in magistrate court a petitioner was charged with and entered a plea of guilty to the misdemeanor offense of brandishing a weapon, *W. Va. Code*, 61–7–10 [1925], the State was not precluded from subsequently seeking an indictment and prosecuting that petitioner for the misdemeanor offense of carrying a weapon without a license, *W. Va. Code*, 61–7–1 [1975], where, although those two offenses arose from the same criminal transaction, the plea of guilty to brandishing a weapon was taken in magistrate court shortly after the offenses were committed, and prior to the taking of that plea, the prosecuting attorney had no knowledge of or opportunity to attend that magistrate court proceeding. *See Watson, supra; State ex rel. Skinner v. Dostert*, 166 W.Va. 743, 278 S.E.2d 624 (1981).

### IV.

■ Although the "procedural joinder rule" did not preclude the prosecutor from seeking the indictments, we must consider whether charging the petitioners with the offense of carrying a weapon without a license, subsequent to their convictions of the offense of brandishing a weapon, is otherwise violative of the petitioners' rights with regard to double jeopardy. For the reasons stated below, we hold that those rights have not been violated.

It should be noted that the offenses of carrying a weapon without a license and brandishing a weapon were, at one time, part of the same statute, i.e., former *W. Va. Code*, ch. 148, § 7. *See* ch. 3, Acts of the Legislature of West Virginia—1st Extraordinary Session (1925). That older statute, *W. Va. Code*, ch. 148, § 7, originated from the following historic language:

If a justice shall, from his own observation or upon information of others, have good reason to believe that any person in his county is habitually carrying about his person concealed weapons, such as dirks, bowie-knives, pistols or other dangerous weapons, it shall be the duty of such justice to cause such person to be arrested and brought before him, and if such person upon trial shall be found guilty, he shall be fined not exceeding ten dollars.

Ch. 226, § 168, Acts of the Legislature of West Virginia—1872-3.

Presently, however, those offenses are found in separate statutory provisions. *W. Va. Code*, 61–7–10 [1925], relating to brandishing a weapon, provides as follows:

It shall be unlawful for any person armed with a pistol, gun, or other dangerous or deadly weapon, *whether licensed to carry the same or not*, to carry, expose, brandish, or use such weapon in a way or manner to cause, or threaten, a breach of the peace. Any person violating this section shall be guilty of a misdemeanor, and, upon conviction, shall be fined not less than fifty nor more than three hundred dollars, or imprisoned in the county jail not less than thirty nor more than ninety days, or both fined and imprisoned, in the discretion of the court. (emphasis added)

*W. Va. Code*, 61–7–1 [1975], relating to carrying a weapon without a license, provides in part as follows:

If any person, without a state license therefore or except as provided elsewhere in this article and other provisions of this Code, carry about his person any revolver or pistol, dirk, bowie knife, slung shot, razor, billy, metallic or other false knuckles, or other dangerous or deadly weapon of like kind or character, he shall be guilty of a misdemeanor, and, upon conviction thereof, shall be imprisoned in the county jail not less than six nor more than twelve months for the first offense; but upon the conviction of the same person for the second offense in this State, he shall be guilty of a felony, and upon conviction thereof, shall be imprisoned in the penitentiary not less than one nor more than five years, and, in either case, shall be fined not less than fifty dollars nor more than two hundred dollars. . . .

In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the accused was charged with violating a federal narcotics statute. Specifically, he was charged with (1) selling a drug not in its original package and (2) selling that drug without a written order from the purchaser. The court stated: "[T]here was but one sale, and the question is whether, both [statutory] sections being violated by the same act, the accused committed two offenses or only one." 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. Holding that two offenses had been committed, the court, in *Blockburger* observed:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.
>
> . . . .
>
> Applying the test, we must conclude that here, although both sections were violated by the one sale, two offenses were committed.

284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. *See also State v. Peyatt*, 173 W.Va. 317, 315 S.E.2d 574 (1983), (statutory offenses of sexual assault and incest, though arising from the same act, "do not constitute the same offense for purposes of the double jeopardy clauses." 173 W.Va. at 321, 315 S.E.2d at 578); *State ex rel. Johnson v. Hamilton*, 164 W.Va. 682, 266 S.E.2d 125 (1980), ("It has always been the law that a person cannot be punished for both a lesser included offense and the greater crime when the elements of the first are necessarily included in the elements of the second." 164 W.Va. at 687–688, 266 S.E.2d at 128–29); *State ex rel. Dowdy v. Robinson*, 163 W.Va. 154, 257 S.E.2d 167 (1979), *overruled in part in State v. Adkins*, 170 W.Va. 46, 289 S.E.2d 720 (1982).

A review of *W.Va.Code*, 61–7–10 [1925], and *W.Va.Code*, 61–7–1 [1975], in light of the many case decisions we have examined concerning double jeopardy, directs us to conclude that brandishing a weapon and carrying a weapon without a license are relatively dissimilar misdemeanor offenses and are not the "same offense" for purposes of double jeopardy. For example, the issue of the existence of a license is paramount with regard to the offense of carrying a weapon without a license. On the other hand, as *W.Va.Code*, 61–7–10 [1925], indicates, brandishing may occur whether the accused is "licensed to carry the [weapon] . . . or not. . . ." The elements of the two offenses are not the same. We are therefore of the opinion that, as in *Blockburger*, although the two statutory sections were allegedly violated during a single criminal transaction, those two transgressions maintained their distinct character.

■ In particular, we hold that the statutory offenses of brandishing a weapon, *W.Va.Code*, 61–7–10 [1925], and carrying a weapon without a license, *W.Va.Code*, 61–7–1 [1975], even when arising from a single criminal transaction, do not constitute the "same offense" under the constitutional prohibitions against double jeopardy. *U.S. Const.* amend. V; *W.Va. Const.* art. III, § 5.

The rights of the petitioners have not been violated with respect to principles of double jeopardy.

## V.

Finally, the petitioners contend that, if prosecution for carrying a weapon without a license is not prohibited, they have a right to trial upon such charges in magistrate court. That contention is based upon the assertion of the petitioners that they were charged in magistrate court with carrying a weapon without a license, in addition to being charged with brandishing a weapon.

■ Chapter 50 of the West Virginia Code is entitled "Magistrate Courts" and that chapter contains *W.Va.Code*, 50–5–7 [1976], which provides: "Every defendant charged in a magistrate court in a criminal proceeding which is within the jurisdiction of the court shall have the right to a trial on the merits in the magistrate court." That statute was discussed by this Court in *State ex rel. Burdette v. Scott*, 163 W.Va.

705, 259 S.E.2d 626 (1979), where in syllabus point 2 we held: "W.Va.Code, 50–5–7 (1976), requires that if a defendant is charged by warrant in the magistrate court with an offense over which that court has jurisdiction, he is entitled to a trial on the merits in the magistrate court." *See also Gilkerson, supra,* 169 W.Va. at 419, 288 S.E.2d at 168; *State ex rel. Tate v. Bailey,* 166 W.Va. 397, 274 S.E.2d 519 (1981).

 However, inasmuch as this Court is of the opinion that the petitioners were never, in fact, charged in magistrate court with the offense of carrying a weapon without a license, they have no right to trial in magistrate court upon such charges. The petitioners therefore may be prosecuted in circuit court under the indictments.

It should be noted that on February 4, 1984, arrest warrants, containing substantially the same language, were issued by the magistrate against the two petitioners. Those warrants stated, in part, that the petitioners:

> while armed with a pistol, gun and other dangerous and deadly weapon, without a license to carry the same, [did] expose and brandish such pistol, gun and other dangerous and deadly weapons in a way and manner to cause and threaten a breach of the peace, to-wit: Welch, McDowell County, West Virginia, in violation of 61–7–10 of the West Virginia Code.

The language of those arrest warrants, though inartful and not condoned by this Court, substantially follows the language of the brandishing statute, *W.Va.Code,* 61–7–10 [1925], which statute indicates that an accused may be convicted of brandishing "whether licensed to carry the [weapon] ... or not...." Furthermore, the word "brandishing" appears at the top of each arrest warrant. No other arrest warrants were issued by the magistrate. Based upon the record in this action, this Court is of the opinion that the petitioners were not

charged in magistrate court with the offense of carrying a weapon without a license. We therefore decline to prohibit the prosecution in circuit court of the petitioners for carrying a weapon without a license.

All other issues raised by the petitioners are without merit.*

Writs denied.

---

* It should be noted that in this action in prohibition, directed to the circuit court indictments, this Court does not have before it the question of whether, under the circumstances indicated in the record, the petitioners may withdraw their pleas of guilty to the offense of brandishing a weapon.