358 S.E.2d 819

**STATE of West Virginia**

v.

**Daniel Dewitt DUSKEY.**

No. 17027.

Supreme Court of Appeals of West Virginia.

June 17, 1987.

---

Mary Rich Maloy, Asst. Atty. Gen., for appellant.

Loren B. Howley, Grantsville, for appellee.

**PER CURIAM:**

This is an appeal by Daniel Dewitt Duskey from a final order of the Circuit Court of Calhoun County adjudging him guilty of conspiracy to commit arson and possession of a molotov cocktail. The appellant was sentenced to not less than one nor more than fifteen years and not less than one nor more than ten years, respectively, to be served concurrently in the state penitentiary. Appellant seeks a reversal on the ground that under Rule 8(a) of the West Virginia Rules of Criminal Procedure the State waived its right to try him on the conspiracy and molotov cocktail indictments after electing to first try him on a third indictment for arson, since all three charges arose from the same transaction. We agree and reverse.

On May 29, 1984, the state police headquarters in Grantsville, Calhoun County, was partially burned after the front window was broken, oil thrown around inside and a soft drink bottle with a wick was tossed through the window. The resulting fire died when the incendiary device or molotov cocktail failed to fully ignite the oil.

The appellant and a co-defendant, Okey Dean Davis, were each charged with the crime by three separate indictments: arson in the first, second and fourth degrees; conspiracy to commit arson; and, possession and use of a molotov cocktail. The appellant was tried on the multi-count arson indictment and acquitted of arson.

The appellant then moved to dismiss the remaining indictments pursuant to Rule 8(a) on the grounds that the charges contained in all three indictments were "acts or transactions connected together or constituting parts of a common scheme or plan" and therefore should have been

charged in the same indictment. After this motion was denied, the appellant's motion to join the remaining two indictments was granted, and he was tried before a jury on these indictments. Based on a presentation of essentially the same evidence used at the first trial, the appellant was found guilty of possession of a molotov cocktail and conspiracy to commit arson.

The appellant now asserts that the State waived its right to try the appellant on the remaining two indictments when it elected to try him on the arson charge alone, because all three charges arose from the same transaction. This argument is based on the language of Rule 8(a) which states in pertinent part:

> All offenses based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan shall be charged in the same indictment or information in a separate count for each offense, whether felonies or misdemeanors or both.

The appellant contends that use of the mandatory word "shall" means that the State must try all three indictments arising from the same "transaction," or "common scheme or plan" in the same trial. The West Virginia Rules of Criminal Procedure were implemented on October 1, 1981.

Prior to the adoption of the rules, we held in syllabus point 1 of *State ex rel. Watson v. Ferguson*, 166 W.Va. 336, 274 S.E.2d 440 (1980) that under our inherent rule-making power

> [a] defendant shall be charged in the same indictment, in a separate count for each offense, if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are two or more acts or transactions connected together or constituting parts of a common scheme or plan.

We held this principle to be a procedural joinder rule which was perhaps foreshadowed by syllabus point 2, in part, of *State ex rel. Johnson v. Hamilton*, 164 W.Va. 682, 266 S.E.2d 125 (1980):

> Appropriate protection against multiple trials for offenses arising from the same criminal transaction requires, in future cases, joinder for trial at the same time of all counts arising out of the same transaction either in a single indictment with multiple counts or multiple separate indictments; ....

In *Watson, supra,* we noted with approval that Rule 8(a) of the Federal Rules of Criminal Procedure provides a procedural mechanism for trying multiple offenses in a single trial.[1] As part of the West Virginia Rules of Criminal Procedure, we adopted a mandatory version of the Federal Rule in our Rule 8(a). This version of the Rule was simply a codification of the same concept expressed in syllabus point 1 of *Watson, supra,* and syllabus point 2, in part, of *Johnson, supra.*

As we stated in *Watson,* several other states have achieved the same result of requiring joinder of contemporaneous offenses in one trial. The evolution of the joinder rule in New Jersey resembles the history which led to our adoption of the current Rule 8(a). First there were New Jersey cases which commented on the need for such a rule, *State v. Cormier,* 46 N.J. 494, 218 A.2d 138 (1966); *State v. Bell,* 55 N.J. 239, 260 A.2d 849 (1970), then the New Jersey Supreme Court by case decision mandated compulsory joinder of related offenses in *State v. Gregory,* 66 N.J. 510, 333 A.2d 257 (1975), and finally mandatory joinder rule, R. 3:15–1(b), was adopted in 1977, patterned after subsection 1.07(2) of the American Law Institute's Model Penal Code.[2]

---

**1.** Federal Rules of Criminal Procedure 8(a) states:

> (a) *Joinder of Offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

**2.** § 1.07(2) of the Model Penal Code states:

In *State v. Antieri,* 180 N.J.Super. 267, 434 A.2d 668 (1981), the defendant was tried on a conspiracy charge which resulted in a hung jury. The State then obtained a second indictment for substantive offenses which occurred during the same time period as the conspiracy indictment. Under their mandatory joinder rule, R. 3:15–1(b), the court dismissed the charges in the second indictment for failure of the State to try the defendant on all of the charges in a single trial. In *Watson, supra,* we cited the following authorities from other jurisdictions which utilize a similar joinder rule, 166 W.Va. at 343, 274 S.E.2d at 443:

> *See also Commonwealth v. Campana,* 455 Pa. 622, 314 A.2d 854 (1974), *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139; *State v. Brown,* 262 Or. 442, 497 P.2d 1191 (1972), *overruled on other grounds, State v. Hammang,* 271 Or. 749, 534 P.2d 501 (1975).

*See also State v. Carroll,* 63 Hawaii 345, 627 P.2d 776 (1981); *State v. Rytky,* 476 A.2d 1152 (Me., 1984).

In *Gilkerson v. Lilly,* 169 W.Va. 412, 288 S.E.2d 164 (1982), decided after the Rules were implemented, we affirmed that "absent strong and urgent countervailing policy reasons for not requiring a joint trial going to the need to vindicate individual victims, a person cannot be tried at a second trial for an offense of which the prosecution was aware at the time of the first trial if the second offense arose out of the same transaction as the first offense." *Gilkerson, supra,* 169 W.Va. at 418, 288 S.E.2d at 168.

The facts in *Watson, supra,* provided such an exception where the defendant was charged with the murder of four persons within a relatively short time period after gaining unlawful entry to a home. There we allowed separate trials to enable the individual rights of each victim to be vindicated. In *Gilkerson, supra,* we held that joinder of a misdemeanor and a felony arising out of the "same transaction" is required only if the defendant moves for joinder in magistrate court. This requirement was deemed necessary to avoid "utterly outrageous miscarriages of justice" attendant to the operation of the magistrate court system. *Gilkerson, supra,* 169 W.Va. at 419, 288 S.E.2d at 168.

We must now decide whether any such "countervailing policy reasons" require us to suspend the operation of the mandatory joinder rule as it has evolved in the cases discussed *supra* and as codified in Rule 8(a) in the context of the present case. There is no dispute that the felony charges contained in the three separate indictments all arose from the "same transaction" or were part of a "common scheme or plan." It is also undisputed that no one resided in the state police barracks at the time of the fire, and therefore, there were no "victims" of the intended arson. The State was also aware of all possible charges at the time the three indictments were returned and all charges were within the jurisdiction of the same circuit court.

■■■ The State argues that Rule 8(a) joinder is mandatory only if the defendant requests joinder prior to trial, and the appellant, by failing to move for joinder prior to the first trial, thereby waived this right. This position might well apply under the wording of Rule 8(a) of the Federal Rules of Criminal Procedure, which is similar to our rule with the exception of the use of "may" instead of "shall" thus rendering the federal rule permissive rather than mandatory. Under our clear and unambiguous language, the application of Rule 8(a) is not conditioned upon a request by a defendant. The duty to join offenses arising out of the "same transaction" rests with the State, absent such urgent "countervailing" policies as were found in *Watson, supra* and *Gilkerson, supra.*

(2) Limitation on Separate Trials for Multiple Offenses. Except as provided in Subsection (3) of this Section, a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single count.

This provision and our Rule 8(a) achieve the same goal of requiring mandatory joinder of related offenses in a single trial.

For the foregoing reasons, we conclude that the State failed to comply with the mandatory joinder provisions of Rule 8(a) and, as a consequence, the second trial and its convictions must be reversed.

Reversed.