475 S.E.2d 70

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Harold S. LUDWICK, Defendant Below, Appellant.**

No. 23164.

Supreme Court of Appeals of West Virginia.

Submitted May 28, 1996.

Decided July 5, 1996.

---

Virginia J. Hopkins, Prosecuting Attorney, Kingwood, for Appellee.

Michael J. Sharley, Westover, and Edmund J. Rollo, Morgantown, for Appellant.

PER CURIAM.

The defendant in this case, Harold S. Ludwick, was charged with third-offense driving under the influence, in violation of W.Va. Code § 17C–5–2, and third-offense driving while license suspended for driving under the influence, in violation of W.Va.Code § 17B–4–3. Prior to the trial in his case, he moved, *pro se*, for a severance of the two charges and a separate trial on each of the charges. The Circuit Court of Preston County denied that motion and proceeded to try the defendant on both charges simultaneously. At the conclusion of the trial, the defendant was found guilty as charged on both charges and was sentenced to one year in the Preston County Jail and fined $1,000.00 on the second-offense driving while license revoked for driving under the influence charge and was sentenced to from one-to-three years in the State penitentiary for third-offense driving under the influence. The two sentences were to run consecutively. In the present proceeding, the defendant claims that the trial court erred by not severing the two charges when he requested such a severance at a pretrial hearing.

After considering the facts presented and the issue raised, this Court believes that the trial court should further consider the appellant's request for severance in light of the factors addressed in this opinion. The judgment of the circuit court is, therefore, reversed, and this case is remanded for further proceedings.

The record in this case indicates that on September 24, 1994, the defendant was ob-

served by a police officer, Deputy Pritt, weaving back and forth while driving on Route 7 in Preston County. Deputy Pritt, who apparently had knowledge that the defendant's driver's license had been previously suspended for driving under the influence, stopped the defendant and, upon so doing, noticed a strong odor of alcohol coming from the defendant. The defendant subsequently refused to take a preliminary intoxilizer test. The defendant, as a consequence, was charged with third-offense driving under the influence and with third-offense driving while license suspended for driving under the influence.

At a hearing conducted on February 3, 1995, the defendant took the position that he had had serious disagreements with his appointed attorney and told the court:

> One of the things me and [my counsel] disagrees about is, as he mentioned, is DUI third offense and driving under suspension. I don't know, but the two—cannot hardly defend myself on a DUI without incriminating myself under a driving under suspension.

A short time later, he also said:

> Your Honor, this is why I would like for the two charges to be separated. I don't know if it's possible. I want to testify to the DUI. I'm not guilty of that.

It appears from the overall colloquy in which this occurred that the defendant wished to remain silent on the driving-under-suspension charge and apparently wanted to compel the State to prove that he had, in fact, driven while his license was suspended. He apparently wanted to testify on the drunk-driving charge that he was not under the influence when he was driving. It appears the appellant recognized that if he took the stand to defend against the driving under the influence charge, he would necessarily admit to the first element of the other offense, that is, driving a motor vehicle, and in all likelihood, at least on cross-examination, he would be called upon, when testifying truthfully, to admit his guilt of all of the elements of the other charge, driving while his license was suspended or revoked by reason of having previously driven under the influence.

The trial court denied the defendant's motion to sever or "separate" the two charges, and both were tried together before a jury on February 6, 1995. The defendant was found guilty on both counts at the conclusion of that trial.

As previously indicated, in this appeal the defendant claims that the trial court erred in denying his motion to sever and in trying the two counts jointly.

In *State v. Cunningham*, 170 W.Va. 119, 290 S.E.2d 256 (1981), this Court held that:

> A defendant shall be charged in the same indictment, in a separate count for each offense, if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are two or more acts or transactions connected together or constituting parts of a common scheme or plan.

170 W.Va. at 122, 290 S.E.2d at 259 (quoting syl. pt. 1, *State ex rel. Watson v. Ferguson*, 166 W.Va. 337, 274 S.E.2d 440 (1980)). In conjunction with and relating to this, Rule 13 of the West Virginia Rules of Criminal Procedure provides, in part:

> The court may order two or more indictments or informations or both to be tried together if the offenses ... could have been joined in a single indictment or information....

In *State v. Hatfield*, 181 W.Va. 106, 380 S.E.2d 670 (1988), this Court explained that this joinder of offenses promotes judicial efficiency and economy by avoiding needless multiple trials and concluded that because of this it was generally appropriate legal procedure.

In *State v. Hatfield*, the Court went on, however, to hold that even where joinder or consolidation is proper, a defendant may move for severance of the counts pursuant to Rule 14(a) of the West Virginia Rules of Criminal Procedure. That rule provides, in relevant part:

> If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or information or by such joinder for trial together, the court may

order an election or separate trials of the counts or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the state to deliver to the court for inspection in camera any statements or confessions made by the defendant or other relevant information which the state intends to introduce in evidence at the trial.

In *State v. Hatfield, supra,* as well as in *State v. Drennen,* 185 W.Va. 445, 408 S.E.2d 24 (1991), this Court ruled that the question of whether to grant a motion for severance pursuant to Rule 14(a) of the West Virginia Rules of Criminal Procedure rests in the sound discretion of the trial court. Further, in *State v. Hatfield, supra,* the Court indicated that a trial court's decision to grant or deny severance pursuant to Rule 14(a) of the West Virginia Rules of Criminal Procedure would not be reversed unless it appears that the trial court's exercise of its discretion was clearly wrong. The position of the law is summarized in *State v. Hatfield, supra,* syllabus point 3 of which states:

Even where joinder or consolidation of offenses is proper under the West Virginia Rules of Criminal Procedure, the trial court may order separate trials pursuant to Rule 14(a) on the ground that such joinder or consolidation is prejudicial. The decision to grant a motion for severance pursuant to W.Va.R.Crim.P. 14(a) is a matter within the sound discretion of the trial court.

Rule 14 of the West Virginia Rules of Criminal Procedure is modelled on Rule 14 of the Federal Rules of Criminal Procedure, and under Federal law it appears that it is incumbent upon a trial judge to consider in some depth a motion to grant a severance if: (a) a joint trial will raise so many issues that a jury may conclude that the defendant is a "bad man" and must have done something, and consequently will convict him as a "bad man" rather than on a particular charge; (b) if one offense may be used to convict him of another, though proof of that guilt would have been inadmissible at a separate trial; and (c) the defendant may wish to testify in his own defense on one charge but not on another. *See* C.A. Wright, Federal Practice and Procedure: Criminal 2d § 222 (1982).

In the present case, it appears that the defendant was asserting the third point: that he wished to testify in his own defense on one charge but not on the other. The Wright treatise goes on to explain:

The third kind of prejudice, that occurring where a defendant wishes to testify on one charge but not on another, was extensively discussed in Cross v. United States. The indictment in that case contained two charges of robbery allegedly committed several months apart. Cross moved for a severance on the ground that he wished to testify in his own defense on one charge but not on another. It was held error to deny a severance. The court pointed out that if two charges are joined for trial, it is not possible for the defendant to weigh the factors involved in deciding whether to testify separately for each count.

If he testifies on one count, he runs the risk that any adverse effects will influence the jury's consideration of the other count. Thus he bears the risk on both counts, although he may benefit on only one. Moreover, a defendant's silence on one count would be damaging in the fact of his express denial of the other. Thus he may be coerced into testifying on the count upon which he wished to remain silent. It is not necessary to decide whether this invades his constitutional right to remain silent, since we think it constitutes prejudice within the meaning of Rule 14.

In fact Cross did testify, and his testimony was so convincing on one count that the jury acquitted him, but on the other count his denial was "plainly evasive and unconvincing" and his testimony exposed him to questions on cross-examination "concerning his generally tawdry way of life and his prior convictions." Nor is it any answer to say that the jury acquitted him on the charge to which he had a good defense. If the two offenses had been separately tried, he could have testified in the trial involving that charge but refused to take the stand in the trial of the other charge. The jury, in the case to which his defense was weak,

would not have learned of his prior convictions, nor heard him give an evasive explanation. To deny him this opportunity, by refusing severance, was prejudicial to him. 1 C.A. Wright, Federal Practice and Procedure: Criminal 2d § 222 (1982).

In *State v. Neuman*, 179 W.Va. 580, 371 S.E.2d 77 (1988), this Court recognized that a criminal defendant's right to give testimony on his own behalf is a right protected by both the State and Federal Constitutions. *See also State v. Payne*, 167 W.Va. 252, 280 S.E.2d 72 (1981), and *State v. McKinney*, 161 W.Va. 598, 244 S.E.2d 808 (1978).

On the other hand, this Court, in *State v. Layton*, 189 W.Va. 470, 432 S.E.2d 740 (1993), held that a criminal defendant has an unconditional right not to testify in his own defense.

■ An examination of the law thus shows that a defendant has both the right to testify in his own defense and the right not to testify in his own defense.

As previously indicated, in the case presently before the Court, the defendant essentially takes the position that he did not want to testify on the trial of the driving-under-suspension charge, since he wanted to compel the State to prove that he had, in fact, driven while his license was suspended. On the other hand, he did want to testify during the trial of the charge that he was driving under the influence, his apparent defense being that he was not intoxicated at the time.

From a practical point of view, we cannot see how the defendant could convincingly testify that he was not under the influence while driving, in defense of his driving-under-the-influence charge, and yet not plainly establish by his testimony the fact that he was, in fact, driving in conjunction with the trial on driving while license suspended. In other words, when both charges were prosecuted in the same trial, the defendant in the present case was faced with an unsolvable dilemma by virtue of the positions which he wished to take and the rights he wished to assert in defense of the two charges. That dilemma put two clearly defined rights in conflict—his right to testify on the driving-under-the-influence charge, if he so chose, and his right

to remain silent on the driving-under-suspended license charge, if he so chose. Further, it appears that if the trial of the two charges is severed, he might exercise the two rights and present the defenses. A severance would avoid the dilemma and protect the two rights guaranteed to the defendant under the law.

This Court is aware that the State is taking the position that the arresting officer had knowledge that the defendant's license was revoked or suspended for driving under the influence and that that knowledge is a factor in the State's claim that there was probable cause for the stop leading to the charges in this case. The State, in fact, is arguing:

Here, the offenses were so similar in nature that the evidence of one would have been admissible at a separate trial for the other under Rule 404(b) [of the West Virginia Rules of Evidence]. The facts of the DUI (that the defendant was driving) were necessary to prove the elements of driving on a suspended license.

In taking this position, the State may be saying too much. First, it is not necessary for the two charges to be tried jointly to establish probable cause or reasonable suspicion justifying the stop under either charge. Second, while there are essential elements of both charges which are identical, there are also essential elements to either charge not found in the other. In proving the elements of one charge, it may not be necessary to show all of the circumstances which might be shown in the trial of the other charge to prove the essential elements of the other charge. Rule 403 of the West Virginia Rules of Evidence provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

By applying this rule, we perceive that, in the trial of the driving under the influence charge, the trial court could restrict the officer's testimony regarding his prior knowledge of the suspension or revocation of de-

fendant's driver's license, offered to justify the stopping of defendant's vehicle, to the fact that the arresting officer knew that the defendant's license had previously been suspended or revoked, without allowing specification of the reasons for suspension or revocation. Thus, it appears that the State might be able to develop its evidence of the probable cause for the stop without prejudice to the State's ability to prove the charge being tried or to defendant's desire to remain silent on the second charge. In view of the fact that the driving under the influence charge is for a third offense, the appellant must realize that the State is poised to present substantial evidence of the appellant's past problems with alcohol, including the evidence of two prior convictions. However, his right to remain silent in the trial of the companion charge of driving under suspension, DUI, can, it appears, be preserved. In the trial of the driving-under-suspension charge, assuming defendant's silence, it appears that the State might be free to offer all relevant evidence establishing guilt. For instance, if the defendant is tried first on the DUI charge, his testimony in that trial may well be admissible to the extent properly permitted by the trial court. And since the driving under suspension charge is also charged as a third offense, proof of the prior driving-under-suspension offenses may be anticipated. In sum, it appears possible for the court to afford to the State and the defendant full and fair opportunities to try both charges separately.

On the other hand, the Court believes that if the two charges are tried jointly, it is highly likely that prejudicial information may be unnecessarily presented to the jury, and the defendant's contradictory rights to testify as to one offense and to remain silent as to the other cannot be preserved. Given the authority of the trial court to manage the trials, this Court cannot conclude that the two charges were so inextricably linked as to require that the two charges be tried together.

The Court is also concerned by the indication in the record that the defendant appears to have had less than vigorous assistance of counsel in the assertion of his severance claim and that the rights of the defendant which will be potentially compromised if severance is not granted are rights of a constitutional magnitude, which this Court and the trial court have always been zealous to maintain. It appears from the record that the trial court did not evaluate the *pro se* motion of the defendant in light of the factors we have here addressed to determine whether, by proper restriction of the evidence and management of the trials, the trial court can by severance preserve to both the State and the defendant fair opportunities to present their cases on whether a single trial is required.

For the reasons stated, the judgment of the Circuit Court of Preston County is reversed, and this case is remanded with directions to the circuit court to conduct a further hearing on the motion of the defendant for a severance with consideration of the factors we have addressed and such other factors as may be appropriate. After such hearing, if the court determines that a severance should have been granted, it shall set aside the convictions of the defendant and grant new and separate trials. If the court shall again conclude that a single trial was appropriate, it shall proceed to see to the execution of its judgment heretofore entered. In either case, the finding of the court shall be accompanied by such findings of fact and conclusions of law as are consistent with this opinion and the decision of the trial court.

*Reversed and remanded with directions.*