491 S.E.2d 305

**STATE of West Virginia, Appellee**

v.

**William Archie HUBBARD, III, a/k/a "Billy" Hubbard, Appellant.**

No. 23538.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 21, 1997.

Decided July 11, 1997.

Darrell V. McGraw, Jr., Atty. Gen., Victor S. Woods, Asst. Atty. Gen., Charleston, for Appellee.

Thomas M. Janutolo, Jr., Harvey & Janutolo, Princeton, for Appellant.

PER CURIAM:

William Archie Hubbard (hereinafter "Appellant") appeals his Mercer County convictions on drug charges arising from sales to confidential informants in 1993. The Appellant contends that indictments for drug-relat-ed offenses occurring in 1993 should have been joined with indictments for drug-related offenses occurring in 1994 since his activities were essentially the same transaction for purposes of the joinder rule, Rule 8 of the West Virginia Rules of Criminal Procedure. We find no merit to the Appellant's contentions and affirm the convictions.

I.

In March 1993, the Appellant was investigated by a drug task force investigation comprised of local, state, and federal officers. Wired confidential informants bought drugs from the Appellant in the Appellant's own home on two occasions in March 1993, one in May 1993, and another in July 1993. However, these violations were not immediately presented to the federal grand jury,[1] and the federal investigation was thereafter terminated.

In 1994, Officer Ted Jones of the Bluefield City Police Department began his own investigation of the Appellant. Officer Jones was apparently aware of the prior investigation in 1993. On May 24, 1994, a confidential informant purchased crack cocaine from the Appellant, and in October 1994, the Appellant was indicted on drug and weapons charges based upon the Bluefield investigation and the May 24, 1994, purchase of crack cocaine. In March 1995, the Appellant was convicted of the 1994 violations.

Subsequent to the convictions for the 1994 offenses, the State brought the 1993 charges to the Mercer County Grand Jury.[2] The Appellant moved to dismiss the indictment for the 1993 charges, alleging that the 1993 charges were essentially the same transaction as the 1994, for which he had already been convicted. That motion was denied, and the Appellant was subsequently convicted of all four counts arising from the 1993

---

1. This evidence was allegedly not immediately presented due to adjustment of emphasis in the most recent administration within the U.S. Attorney's Office and due to the fact that the confidential informant was still working with police on other matters which could be jeopardized by having him testify against the Appellant.

2. Specifically, the Appellant was charged with four counts of delivering controlled substances, oxycodone and crack cocaine.

offenses.[3] The prosecuting attorney in that action, Charles R. Smith, indicated at a pre-trial hearing that he was unaware of the 1993 charges until after the Appellant was convicted on the 1994 charges.

## II.

The Appellant moved for a new trial based upon failure to comply with the mandatory joinder requirement of West Virginia Rule of Criminal Procedure 8(a). The version of that rule in effect at the time these issues were confronted by the lower court[4] provided as follows:

> Joinder of Offenses—Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character. All offenses based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan shall be charged in the same indictment or information in a separate count for each offense, whether felonies or misdemeanors or both.

In syllabus point one of *State ex rel. Watson v. Ferguson,* 166 W.Va. 337, 274 S.E.2d 440 (1980), decided prior to the implementation of Rule 8(a), we discussed the procedural joinder rule, as follows:

> A defendant shall be charged in the same indictment, in a separate count for each offense, if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are two or more acts or transactions con-

nected together or constituting parts of a common scheme or plan.

However, even in *Watson,* we cautioned that the joinder issue should be approached as a procedural rule rather than a constitutional rule. *Watson,* 166 W.Va. at 345, 274 S.E.2d at 444. Subsequent to *Watson,* in October 1981, West Virginia Rule of Criminal Procedure 8(a) was adopted, superseding the procedural joinder rule enunciated in syllabus point one of *Watson. Cline v. Murensky,* 174 W.Va. 70, 74, 322 S.E.2d 702, 706 (1984).

■ As we stated in *State v. Johnson,* 197 W.Va. 575, 476 S.E.2d 522 (1996), qualifications to the procedural joinder rule do exist. *Id.* at 586, 476 S.E.2d at 533. For example, "offenses which are unknown to the prosecuting attorney or not committed within the same county are not subject to this joinder rule." *Watson,* 166 W.Va. at 345 n. 13, 274 S.E.2d at 444 n. 13.

■ In *State ex rel. Forbes v. Canady,* 197 W.Va. 37, 475 S.E.2d 37 (1996), the defendant challenged an indictment based upon an alleged violation of the mandatory joinder of offenses in Rule 8(a). *Id.* at 41–42, 475 S.E.2d at 41–42. In syllabus point three of *Forbes,* we explained:

> Rule 8(a) of the West Virginia Rules of Criminal Procedure compels the prosecuting attorney to charge in the same charging document all offenses based on the same act or transaction, or on two or more acts or transactions, connected together or constituting parts of a common scheme or plan, whether felonies, misdemeanors or both, provided that the offenses occurred in the same jurisdiction, and the prosecut-

---

**3.** The Appellant was sentenced to consecutive one-to-fifteen year terms of imprisonment on each count, with such sentences to also run consecutively with his prior conviction.

**4.** In September 1996, Rule 8(a) was amended to provide as follows:

  (a) Joinder of Offenses. (1) Permissive joinder. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character.

  (2) Mandatory joinder. If two or more offenses are known or should have been known by the exercise of due diligence to the attorney for

the state at the time of the commencement of the prosecution and were committed within the same county having jurisdiction and venue of the offenses, all such offenses upon which the attorney for the state elects to proceed shall be prosecuted by separate counts in a single prosecution if they are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan, whether felonies or misdemeanors or both. Any offense required by this rule to be prosecuted by a separate count in a single prosecution cannot be subsequently prosecuted unless waived by the defendant.

ing attorney knew or should have known of all the offenses, or had an opportunity to present all offenses prior to the time that jeopardy attaches in any one of the offenses.

In syllabus point four of *Canady*, we stated:

Pursuant to Rule 8(a) of the West Virginia Rules of Criminal Procedure, the burden of joining multiple offenses arising out of the same act or transaction, or constituting parts of a common scheme or plan, occurring within the same jurisdiction, and which are known or should have been known to the prosecuting attorney, or which the prosecuting attorney had an opportunity to attend the proceeding where the first offense is presented, which is prior to the time that jeopardy attaches in any one of the offenses, is upon the State not on the defendant.

Where "the State fails to comply with the mandatory provisions of Rule 8(a), and all of the elements requiring mandatory joinder are extant, then the charging document addressing any subsequent offenses must be dismissed." *Id.* at 39, 475 S.E.2d at 39, Syl. Pt. 5.

■ The Appellant asserts that the two convictions arose from *essentially* the same transaction; the offenses were one continuing enterprise at the Appellant's home. The State, however, maintains that while these offenses were indeed "of the same or similar character," they did not constitute the same transactions; therefore, mandatory joinder was not required. The State further contends that even assuming a common scheme, the 1993 offenses were not known to prosecutors during the trial for the 1994 offenses, so joinder was not required.

The lower court made factual findings indicating that the 1993 and 1994 investigations were separate, independent investigations and that the delay in charging the Appellant with the 1993 offenses was necessitated by the concern for withholding the identity of the confidential informant. On the precise question of whether the 1993 transactions constitute the "same transactions" as the 1994 transactions, the lower court determined that they were not the same transactions. The lower court reasoned as follows:

"We're talking about transactions a year apart, or more, to different individuals, based upon different investigations, so the Court does not find that these are in fact the same transactions, or that [joinder] would be triggered by Rule 8...." In *Commonwealth v. Bartley*, 262 Pa.Super. 390, 396 A.2d 810 (1979), the court astutely observed: "[The statutory joinder rule] is intended to prevent harassment by the prosecution; it is not intended to afford a defendant with a procedural expedient to avoid a prosecution." *Id.* at 813. Based on all of the foregoing, we affirm the decision of the lower court.

Affirmed.