512 S.E.2d 860

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Elizabeth Ladybird JENKINS, Defendant Below, Appellant.**

No. 24738.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 1998.

Decided Dec. 11, 1998.

Robert J. O'Brien, Buckhannon, West Virginia, Attorney for Appellant.

Darrell V. McGraw, Jr., Attorney General, Dawn E. Warfield, Deputy Attorney General, Charleston, West Virginia, Attorney for Appellee.

**PER CURIAM:**

The Circuit Court of Lewis county sentenced the appellant in this proceeding, Elizabeth Ladybird Jenkins, to two consecutive terms of from one to ten years in the penitentiary for forgery and for uttering a bad check. On appeal, the appellant claims that the circuit court erred in failing to dismiss the forgery charge. She also claims that the court erred in allowing the jury to see certain prejudicial letters and in overruling her objections to the testimony of one of the State's witnesses. Lastly, she asserts that the trial judge was prejudiced against her and that he communicated that prejudice to the jury.

### FACTUAL BACKGROUND

The appellant was originally indicted for uttering a bad check in 1992. During the trial on that indictment, a cashier testified that the appellant had signed a check in her presence and had delivered it to her. That trial resulted in the defendant's conviction of uttering. This Court subsequently overturned that conviction in *State v. Jenkins*, 195 W.Va. 620, 466 S.E.2d 471 (1995).

Following the reversal of the appellant's conviction, a grand jury reindicted her for both uttering and forgery. After the return of the second indictment, the defendant's attorney moved to dismiss the forgery count which had not been a part of the first indictment. The trial court denied the motion. Defense counsel also requested that the trial judge withdraw from the case because, according to counsel, during the pendency of the appellant's appeal, the judge had expressed to counsel the opinion that the appellant was guilty.

In the course of defense counsel's opening statement during the second trial, defense counsel pointed out that the check giving rise to the charge against appellant had been issued in 1992 and "[H]ere we are, up to 1997. Giant Eagle hasn't been here for years and yet for some reason, we're coming back to put in jeopardy this woman." At this point, even though the prosecution had not objected, the trial judge interrupted and said: "Mr. O'Brien, this is improper argument. You will not discuss that any further." Defense counsel then moved for a mistrial,

and the trial court stated, in the presence of the jury:

"Well, I stopped you from continuing your opening statement because opening statements are what the state intends to prove in the trial of this case and not to get up and try to imply to the jury that this is a 1992 case and the State didn't bother to present it to a jury until 1997 when you know that is not the case."

Later, during trial, the State moved to admit into evidence letters purportedly written by the appellant to her lover. Defense counsel immediately objected to the admission of the letters on the ground of surprise. The circuit court overruled this objection. After the State rested, the defense again objected stating that the probative value of the letters was outweighed by the prejudicial effect. The trial court overruled the objection.

Also during trial and during the examination of the State's witness, Betty Adkins, defense counsel asked the witness whether the defendant had ever given her a black eye. The witness responded: "One time. That was at Pruntytown Correctional Center." Defense counsel objected to this on the ground that it informed the jury that the appellant had been incarcerated. The trial court overruled the objection on the ground that defense counsel had invited the answer.

Lastly, while cross-examining the State's handwriting expert, defense counsel stated: "Your office, the State laboratory, had an infamous person named Zane who simply made up the numbers for his tests. Now—" At that point, the trial judge stated: "Now, Mr. O'Brien, that's improper for you to sit here and make speeches like that in front of the jury. If you want to ask this witness questions, you ask him, and you quit making improper statements like that in the Courtroom, or I'm going to hold you in contempt."

As previously stated, in the present proceeding the appellant claims that the trial court erred in refusing to dismiss the forgery count against her. She also claims that the trial court erred in allowing the jury to see the letters to the lesbian lover and in overruling her objections to Betty Adkins' testimony. Lastly, she claims that the judge was prejudiced against her and communicated that prejudice to the jury.

## STANDARD OF REVIEW

■ To the extent that the issues presented in this case present purely questions of law and statutory interpretation, our review is plenary and *de novo*. *State v. Smith*, 198 W.Va. 702, 482 S.E.2d 687 (1996). *See State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 776, 461 S.E.2d 516, 522 (1995). We apply the abuse of discretion standard to review the final order and the ultimate disposition by the circuit court, but we use the clearly erroneous standard when reviewing the circuit court's underlying factual finding. *Phillips v. Fox*, 193 W.Va. 657, 661, 458 S.E.2d 327, 331 (1995); *See also* Syllabus Point 1, *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995).

## DISCUSSION

■ As indicated above, the appellant's first claim is that the trial court erred in refusing to dismiss the forgery count contained in the indictment against her. In arguing this point, the appellant asserts that the State either knew, or reasonably should have known, of the existence of a possible forgery charge against her at the time of the initial indictment, and subsequent trial, for her uttering, and that the failure of the State to join and to assert the forgery charge in conjunction with that initial uttering charge legally precluded the State from trying her on that charge in the second trial. With this assertion, we agree.

■ Recently, in *State ex rel. Forbes v. Canady*, 197 W.Va. 37, 475 S.E.2d 37 (1996), this Court addressed the essential question raised by this assertion. In that case, we noted that Rule 8(a) of the West Virginia Rules of Criminal Procedure not only allows, but compels, that multiple charges arising out of the same transaction be raised in the same charging document. In Syllabus Point 3, of *State ex rel. Forbes v. Canady, id.*, we summarized our conclusion as follows:

Rule 8(a) of the West Virginia Rules of Criminal Procedure compels the prosecut-

ing attorney to charge in the same charging document all offenses based on the same act or transaction, or on two or more acts or transactions, connected together or constituting parts of a common scheme or plan, whether felonies, misdemeanors or both, provided that the offenses occurred in the same jurisdiction, and the prosecuting attorney knew or should have known of all the offenses, or had an opportunity to present all offenses prior to the time that jeopardy attaches in any one of the offenses.

■ In *State ex rel. Forbes v. Canady, id.,* the Court also held that if a necessary charge was not asserted and joined in the same document as another charge growing out of the same transaction, the subsequent charge must be dismissed. More specifically, in Syllabus Point 5 of *State ex rel. Forbes v. Canady, id.,* we said:

In the event that the State fails to comply with the mandatory provisions of Rule 8(a), and all of the elements requiring mandatory joinder are extant, then the charging document addressing any subsequent offenses must be dismissed.

In the present case the State concedes that the two offenses for which the appellant was convicted arose from the same transaction and occurred in the same jurisdiction. The State, however, argues that the prosecuting attorney did not have knowledge of the forgery or an opportunity to present it to the grand jury prior to the appellant's first indictment on the charge of uttering.

The facts of this case show that the appellant, in front of a store clerk at the Giant Eagle, a grocery store in Weston, signed a check with the name "Emerson Harrad" and presented it to the clerk for goods which the appellant was purchasing. Later, that check was returned to the grocery store because it was forged. As a result of the check being returned to the store as forged, the police conducted an investigation and later charged the appellant with uttering. *State v. Jenkins, supra.*

Our examination of the facts strongly suggests that the events which triggered the State's investigation of the appellant were the identification of the check presented to the Giant Eagle by the drawee bank as a forged check and it's return to the Giant Eagle as a forged check.

Given this, we can only conclude that the prosecuting attorney at the time of initially obtaining the uttering indictment against the appellant knew, or reasonably should have known, that the appellant had committed forgery as well as uttering, if, in fact, she was the person who had uttered the check. In light of this, the Court also believes that, under the requirements of *State ex rel. Forbes v. Canady, supra,* the prosecuting attorney, initially, at the time of charging the appellant with uttering, had a mandatory duty also to charge the forgery. Because of his failure to do so, the circuit court erred in failing to dismiss the forgery count in the second indictment. Accordingly, the Court concludes that the appellant's conviction of forgery must be reversed.[1]

1. The appellant also alleges that the State obtained the forgery indictment to punish her for successfully appealing her first conviction, and therefore argues that the forgery indictment violated her right to due process under *W.Va. Const.,* Art. III, § 10. Counsel for the appellant informed the circuit court that the prosecutor had warned counsel that if the prior appeal was successful, the appellant would be re-indicated and charged with forgery as well as uttering. The prosecutor did not deny or rebut this allegation.

"In West Virginia a person convicted of a crime is entitled to appeal his conviction and a denial of that right constitutes a violation of both federal and state due process clauses and renders the conviction void." *State v. Eden,* 163 W.Va. 370, 381–82, 256 S.E.2d 868, 875 (1979). The right to file an appeal from a conviction is a

fundamental right, and "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.' " *United States v. Goodwin,* 457 U.S. 368, 372, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74, 80 (1982), *citing Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604, 610 (1978).

The presence of evidence indicating a realistic likelihood of vindictive prosecution may give rise to a presumption of vindictiveness. *Goodwin,* 457 U.S. at 373, 102 S.Ct. at 2488, 73 L.Ed.2d at 80 (1982). When a presumption of vindictiveness has arisen, "the burden shifts to the prosecution to show that any increase in the severity of the charges did not stem from a vindictive motive, or was justified by independent reasons or intervening circumstances that dispel the appearance of vindictiveness." *United States v.*

■ The appellant's second claim is that the circuit court erred in admitting into evidence the letters written by her lover. The appellant asserts that the prejudicial effect of the letters outweighed their probative value. The record shows that when the prosecuting attorney moved to admit the letters into evidence, defense counsel objected, but only on the ground of surprise. He did not assert that the prejudicial effect of the letters outweighed their probative value. Specifically, the record shows that the following occurred:

MR. O'BRIEN: I object to the admission, we've never seen these documents before, Your Honor.

BY THE COURT: Have they been shown to counsel for the Defendant before?

MR. WAGONER: No, Your Honor, nor have any of the other exhibits. He never came to look at them.

BY THE COURT: Were they available for him to inspect?

MR. WAGONER: They certainly were, Your Honor. They are part of the various tests that were performed in this case.

BY THE COURT: And was he informed—was counsel for the Defendant informed that these were available for his inspection and that—

MR. WAGONER: Yes, sir.

MR. O'BRIEN: No, Your Honor, that is not the case.

BY THE COURT: In the discovery.

MR. WAGONER: He's got copies of all the reports, Your Honor.

BY THE COURT: Overruled. I'll admit them.

Later, after the State rested, defense counsel did move that the letters be excluded from evidence on the ground that their intimate content was more prejudicial than their probative value. The circuit court then responded that the letters had already been admitted into evidence and to allow their withdrawal at such a late point in the trial would be improper.

*Gallegos–Curiel,* 681 F.2d 1164, 1168 (9th Cir. 1982).
    While we are troubled by the appellant's contentions of vindictive prosecution, we decline to

Our rules clearly indicate that a party who wishes to predicate error upon a court's admission of evidence must timely object to that evidence. Specifically, Rule 103 of the West Virginia Rules of Evidence states:

(a) *Effect of erroneous ruling.*—Error May not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(b) Objection.—In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context . . .

As previously stated, defense counsel did not timely object to the admission of the letters in question on the ground of their possible prejudicial effect at the time the evidence was presented. Rather, he allowed the trial to proceed and allowed the State to present its entire case. If the court had stricken the evidence at that point, the State's case would potentially have been irremediably altered due to defense counsel's failure to act in a timely manner. In such a situation, the Court does not believe that the trial judge abused his discretion in allowing the evidence to remain in the case.

■ The appellant also claims that the trial court erred in allowing Betty Adkins to testify in a manner suggesting that the appellant had been incarcerated in Pruntytown Correctional Center. As previously stated, this was in response to a question by defense counsel as to whether the appellant had ever given the witness a black eye.

We stated in Syllabus Point 2 of *State v. Bowman,* 155 W.Va. 562, 184 S.E.2d 314 (1971) that:

An appellant or plaintiff in error will not be permitted to complain of error in the admission of evidence which he offered or elicited, and this is true even of a defendant in a criminal case.

*See also State v. Bennett,* 183 W.Va. 570, 396 S.E.2d 751 (1990).

consider this issue because we reverse the forgery conviction on other grounds.

In the present case, had defense counsel adequately prepared for the examination of Betty Adkins, he would have known that Ms. Adkins gave appellant a black eye when appellant was in Pruntytown Correctional Center. Defense counsel elicited the information that the appellant was then in Pruntytown Correctional Center. Therefore, under the rule set forth in *State v. Bowman, supra,* the fact that such information was injected into the trial cannot be considered reversible error.

 Lastly, the appellant claims that the trial judge was prejudiced against her and communicated that prejudice to the jury. The appellant argues that the judge demonstrated this prejudice when he interrupted defense counsel on opening argument and stated: "This is improper argument." She also claims that the judge demonstrated prejudice when he cautioned defense counsel about making speeches during cross-examination of a witness.

In Syllabus Point 4 of *State v. Burton,* 163 W.Va. 40, 254 S.E.2d 129 (1979), this Court stated:

> A trial judge in a criminal case has a right to control the orderly process of a trial and may intervene into the trial process for such purpose, so long as such interruption does not operate to prejudice the defendant's case. With regard to evidence bearing on any material issue, including the credibility of witnesses, the trial judge should not intimate any opinion, as these matters are within the exclusive province of the jury.

The Court believes that defense counsel's remarks about the State's delay in bringing the case on for trial was, as the trial judge concluded, inappropriate argument, especially since proper legal proceedings were the reason for delay. The Court also believes that speeches by counsel during the questioning of witnesses are inappropriate. Overall, the Court does not believe that the trial judge intimated an opinion concerning the evidence on a material issue. Rather, he was controlling the orderly process of the trial as he may do under Syllabus Point 4 of *State v. Burton, id.*

Because of the joinder problem in this case, the appellant's conviction of forgery is reversed and set aside, and, for the reasons set forth herein, the appellant's conviction of uttering is affirmed.

Affirmed in part and Reversed in part.

Justice McGRAW did not participate in the decision of this case.