Certified Questions Answered.

515 S.E.2d 825

**STATE of West Virginia ex rel. Michael Shay BOSLEY, Petitioner,**

v.

**Margaret M. WILLET, Magistrate for Harrison County, and Edmund J. Matko, Prosecuting Attorney for Harrison County, Respondents.**

**No. 25476.**

Supreme Court of Appeals of West Virginia.

Submitted Feb. 16, 1999.

Decided May 19, 1999.

---

Dreama D. Sinkkanen, Esq., Public Defender Corporation, Clarksburg, West Virginia, Attorney for Petitioner.

Darrell V. McGraw, Jr., Esq., Attorney General, Scott E. Johnson, Esq., Senior Assistant Attorney General, Kristine M. Howard, Esq., Assistant Attorney General, Charleston, West Virginia, Attorneys for Respondents.

PER CURIAM:

This case is before this Court upon a petition for a writ of prohibition and a writ of mandamus filed by the petitioner, Michael Shay Bosley, against the respondents, Margaret M. Willet, Magistrate for Harrison County, and Edmund J. Matko, Prosecuting Attorney for Harrison County. The petitioner seeks to prohibit the State from prosecuting him for driving under the influence (hereinafter "DUI") and driving on a license suspended for a previous DUI. He contends that pursuant to Rule 8(a)(2) of the West Virginia Rules of Criminal Procedure, the State was required to join these charges with two hunting citations he received on the same night. The petitioner also seeks a writ of mandamus requiring Magistrate Willet to dismiss the charges against him for the same reason. This Court has before it the petition for a writ of prohibition and a writ of mandamus, the response thereto, and the argument of counsel. For the reasons set forth below, the writs are denied.

## I.

On November 1, 1997, the petitioner was stopped in Harrison County and issued a citation for hunting violations by Department of Natural Resources Officer Matthew Barkley. Specifically, the petitioner was cited for possession of an uncased gun in a vehicle and hunting from sunset to sunrise in violation of W.Va.Code § 20–2–5(10) (1997). While issuing the citation to the petitioner, Officer Barkley noticed the smell of alcohol. Suspecting that the petitioner was intoxicated, Officer Barkley requested a state trooper to come to the scene. Trooper Reginald Patterson responded to the call.

Upon arrival, Trooper Patterson spoke with the petitioner who admitted he had been drinking beer. The petitioner also stated that he had been driving, and he agreed to submit to three field sobriety tests. After the petitioner failed all three tests, Trooper Patterson advised him that he was under arrest for DUI. The petitioner was transported to the police station where he took a breathalyzer test. His blood alcohol content registered .109. Upon further investigation, Trooper Patterson learned that the petitioner's driver's license had been revoked. Consequently, the petitioner was also charged with driving on a license suspended for a previous DUI. Later that night, the petitioner was arraigned on the DUI charges and released on bond.

On November 5, 1997, the petitioner appeared before a magistrate in Harrison County, pled guilty to the hunting offenses, and paid a fine. Subsequently, the petitioner filed a motion to dismiss the DUI charges because the State had not joined them with the hunting offenses pursuant to Rule 8(a)(2) of the West Virginia Rules of Criminal Procedure. This motion was denied by Magis-

trate James K. Terrango.[1] The petitioner then filed a writ of prohibition with the Circuit Court of Harrison County which was also denied. Thereafter, the petitioner filed a petition for a writ of prohibition and a writ of mandamus with this Court.

## II.

The general rule with respect to the propriety of the extraordinary remedy of prohibition is set forth in Syllabus Point 1 of *Crawford v. Taylor,* 138 W.Va. 207, 75 S.E.2d 370 (1953): "Prohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for [a petition for appeal] or certiorari." *See also* W.Va.Code § 53–1–1 (1923). A writ of mandamus, like a writ of prohibition, is used only in extraordinary situations. In Syllabus Point 2 of *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969), we held that: "A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." *See also* Syllabus Point 1, *Smith v. West Virginia State Bd. of Educ.,* 170 W.Va. 593, 295 S.E.2d 680 (1982).

In this case, the petitioner contends that DUI charges must be dismissed because the State failed to comply with Rule 8(a)(2) of the West Virginia Rules of Criminal Procedure.[2] The petitioner asserts that the prosecutor's office knew or should have known of the four charges because they were all named in the criminal complaint filed by Trooper Patter-

---

1. Magistrate Terrango was assigned to the petitioner's case. However, he subsequently resigned his position and was replaced by Magistrate Willet, who took over his entire caseload.

2. Rule 8(a)(2) of the West Virginia Rules of Criminal Procedure provides:

   If two or more offenses are known or should have been known by the exercise of due diligence to the attorney for the state at the time of the commencement of the prosecution and were committed within the same county having jurisdiction and venue of the offenses, all

such offenses upon which the attorney for the state elects to proceed shall be prosecuted by separate counts in a single prosecution if they are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan, whether felonies or misdemeanors or both. Any offense required by this rule to be prosecuted by a separate count in a single prosecution cannot be subsequently prosecuted unless waived by the defendant.

son. Therefore, the petitioner reasons that because he has pled guilty to the hunting offenses, the DUI charges must be dismissed. In response, the State argues that the petitioner is not entitled to this relief because the State was unaware of the DUI charges until after the petitioner entered his guilty plea to the hunting offenses. The State maintains that it never received notice of the DUI charges until the afternoon of November 5, 1997, after the petitioner had pled guilty to the hunting offenses.

■ Both the petitioner and the State focus their arguments on Rule 8(a)(2) of the Rules of Criminal Procedure. However, after considering the facts of this case, we find that the Rules of Criminal Procedure for the Magistrate Courts of West Virginia actually apply. The petitioner was charged with four misdemeanors and the State sought to prosecute him for those charges in magistrate court. Rule 1 of the Rules of Criminal Procedure for Magistrate Courts defines the scope of the rules by stating that "[t]hese rules govern the procedure in all criminal proceedings in the magistrate courts of the State of West Virginia." We note that Rule 1 of the Rules of Criminal Procedure for circuit courts indicates that those rules also govern criminal proceedings before West Virginia magistrates "whenever specifically provided in one of the rules." However, Rule 8(a)(2) does not contain any language suggesting that it applies to magistrate court proceedings. *See* note 2, *supra.* Therefore, whether the offenses for which the petitioner was charged should have been joined for a single prosecution must be determined under the Rules of Criminal Procedure for Magistrate Courts.

Rule 16A of the Rules of Criminal Procedure for Magistrate Courts addresses the joinder of offenses. Rule 16(A) provides:

(a) Two or more offenses may be charged in the same complaint, and tried together, but only if (1) the offenses are of the same or similar character, or (2) the offenses are based on the same act or transaction, or on acts or transactions connected together or constituting parts of a common scheme or plan. A magistrate may also, in his or her discretion, order two or more complaints to

be tried together if the offenses could have been joined in one complaint.

Clearly, under Rule 16(A), joinder of offenses is discretionary, not mandatory. Therefore, the State should not be precluded from pursuing a conviction for the two DUI charges against the .petitioner. Accordingly, the writ of prohibition and writ of mandamus are denied.

Writs denied.