599 S.E.2d 643

**STATE of West Virginia ex rel. Jerome M. BLANEY, Petitioner,**

**v.**

**The Honorable Jeffrey B. REED, Judge of the Circuit Court of Wood County, West Virginia, Respondent.**

No. 31701.

Supreme Court of Appeals of West Virginia.

Submitted: April 28, 2004.

Filed: June 18, 2004.

Joseph P. Albright, Jr., Esq., Bradley & Albright, Parkersburg, for Petitioner.

Charles Scott Durig, Esq., Assistant Prosecuting Attorney, Jason Wharton, Esq., Assistant Prosecuting Attorney, Parkersburg, for Respondent.

Justice ALBRIGHT, deeming himself disqualified, did not participate in the decision in this case.

Judge DARRELL PRATT, sitting by temporary assignment.

MAYNARD, Chief Justice.

Petitioner in this original jurisdiction proceeding, Jerome M. Blaney, seeks a writ of prohibition and/or mandamus compelling the Honorable Jeffrey B. Reed of the Circuit Court of Wood County to dismiss a 19–count indictment against him returned on August 25, 2003. According to Petitioner, the challenged indictment violates the mandatory joinder provisions of Rule 8(a)(2) of the West Virginia Rules of Criminal Procedure. We granted a rule to show cause, and now we deny the writ.

## I.

### FACTS

On May 16, 2003, a Wood County Grand Jury returned an indictment against Petitioner Jerome B. Blaney containing six counts against Petitioner alleging sexual abuse in the third degree and sexual abuse by a custodian of C.R.W.[1] between September 2002 and

---

1. The alleged minor victims of sexual abuse are identified in the indictments below by their initials. This is in accord with our own practice of using the initials of parties in cases involving sensitive facts. *See In re Emily*, 208 W.Va. 325, 329 n. 1, 540 S.E.2d 542, 546 n. 1 (2000).

January 2003; sexual abuse in the third degree and sexual abuse by a custodian of S.I.H. between September 2002 and December 2002; and sexual abuse in the first degree and abduction of J.L.M. between May 2002 and June 2002. In July 2003, the Circuit Court of Wood County subsequently dismissed counts one through five of the original indictment after finding that they were not specific enough to give Petitioner adequate notice of the acts alleged against him. The prosecuting attorney thereafter dismissed count six of the indictment.

On August 25, 2003, a new indictment was returned against Petitioner containing nineteen counts including three counts of sexual abuse in the third degree and three counts of sexual abuse by a custodian of C.R.W. between February 2002, and June 2002; three counts of sexual abuse in the third degree and three counts of sexual abuse by a custodian of C.R.W. between August 2002, and May 2003; one count of attempted sexual abuse in the third degree of C.R.W. between August 2002, and December 2002; and three counts of sexual abuse in the third degree and three counts of sexual abuse by a custodian of S.I.H. between September 2002, and December 2002.

Petitioner then filed a motion to dismiss the indictment in its entirety based on Rule 8(a)(2) of the West Virginia Rules of Criminal Procedure. After a hearing on the motion, Respondent, the Honorable Jeffrey B. Reed of the Circuit Court of Wood County, dismissed three counts alleging sexual abuse in the third degree against C.R.W. between February 2002 and June 2002 on statute of limitation grounds. Judge Reed permitted the remainder of the indictment to stand.

## II.

### STANDARD OF REVIEW

Petitioner characterizes his pleading as "Petition For Writ Of Prohibition And/Or

Mandamus." Because Petitioner names Judge Reed as Respondent and seeks the dismissal of the underlying indictment, we will treat this as a petition for a writ of mandamus compelling Judge Reed to dismiss the indictment. Our standard of review for original proceedings in mandamus is long established:

> A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969). With this standard as our guide, we now consider the issue before us.

## III.

### DISCUSSION

The sole assignment of error is whether the circuit court erred by failing to dismiss the indictment in its entirety on the ground that the second indictment against Petitioner violates the mandatory joinder provisions of Rule 8(a)(2) of the West Virginia Rules of Criminal Procedure.

Our mandatory joinder rule now found in Rule of Criminal Procedure 8(a)(2) can be traced back at least to *State ex rel. Watson v. Ferguson*, 166 W.Va. 337, 274 S.E.2d 440 (1980). In *Watson*,[2] this Court set forth a new procedural rule to address a recent change in our double jeopardy law which required that a defendant who committed multiple offenses arising out of the same transaction be tried for the offenses in one trial. The purpose of the new rule was to "to require the defendant to be tried in a single trial on similar offenses or multiple offenses arising out of the same transaction." 166 W.Va. at 344, 274 S.E.2d at 444. According to Syllabus Point 1 of *Watson*,

---

**2.** The facts of *Watson* involved a defendant who was charged with murdering four persons at the same time and place. The defendant was tried on one of the charges and convicted. Thereafter, the trial court set a trial date for the next murder trial. The defendant then sought a writ of prohibition to prevent the trial on the basis that jeop-

ardy had attached and further trials were precluded. This Court declined to grant the writ because it concluded that the multiple homicides were not "a result of a single volitive act on the part of the defendant, but rather each was killed by sequential acts of the defendant[.]" *Watson*, 166 W.Va. at 352, 274 S.E.2d at 448.

A defendant shall be charged in the same indictment, in a separate count for each offense, if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Shortly thereafter, this Court adopted the West Virginia Rules of Criminal Procedure, effective October 1, 1981. Rule of Criminal Procedure 8(a), as adopted in 1981, provided in pertinent part:

All offenses based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan shall be charged in the same indictment or information in a separate count for each offense, whether felonies or misdemeanors or both.

New Rule 8(a) "outline[d] the parameters of the procedural joinder rule, and therefore, supersede[d] the procedural joinder rule found in syl. pt. 1 of *Watson.*" *State v. Johnson,* 197 W.Va. 575, 586, 476 S.E.2d 522, 533 (1996) (citations omitted). Several months after the adoption of Rule 8(a), this Court noted in *Gilkerson v. Lilly,* 169 W.Va. 412, 416, 288 S.E.2d 164, 167 (1982), that "[i]t is now possible to say that the policy principles behind the double jeopardy clause are effected in this jurisdiction by a procedural rule that requires the defendant to be tried at the same time for all offenses arising out of the same transaction."

In *State ex rel. Forbes v. Canady,* 197 W.Va. 37, 475 S.E.2d 37 (1996), we discussed Rule 8(a) at length. The defendant in *Canady* was involved in a bar fight and subsequently charged with public intoxication and destruction of property. No additional charges were brought against the defendant prior to his trial in magistrate court in which he was acquitted of both misdemeanors. Thereafter, the defendant was charged with malicious assault, a felony, arising from an injury suffered by another person in the same bar fight which gave rise to the earlier misdemeanor charges. On the day scheduled for trial, the trial court announced that the failure to join all offenses growing out of the same transaction was fatal to the malicious assault charge. The prosecuting attorney then sought to prevent the trial court from entering an order dismissing the malicious assault charge by filing a petition for a writ of prohibition in this Court. We granted the writ as moulded and remanded the case to give the circuit court the opportunity to learn whether or not the prosecuting attorney knew or should have known of the information related to the malicious assault charge prior to the defendant's trial in magistrate court.

We looked in *Canady* to the Colorado case of *Jeffrey v. District Court,* 626 P.2d 631 (Colo.1981), for direction on how to interpret our mandatory joinder rule.

One of the better analyses of the mandatory joinder rule, as it applies to when an indictment for a subsequent offense must be dismissed for failure to join that charge with a first offense when all offenses arise from the same transaction, is contained in *Jeffrey v. District Court,* 626 P.2d 631 (Colo.1981). In *Jeffrey,* the defendant was involved in an escapade that produced two charges. The first a misdemeanor (third degree assault), and the second a felony (first degree criminal trespass). The district attorney was aware of both charges. Colorado has adopted a compulsory joinder rule similar to West Virginia's, except knowledge of the several offenses being committed within a specific jurisdiction is expressed within the rule as a prerequisite to compulsory joinder of all offenses arising out of a series of acts from the same criminal episode.

In *Jeffrey,* the defendant pled guilty to the initial misdemeanor charge and thereafter moved to dismiss the felony charge on the ground that all charges occurred during the same criminal episode, and the mandatory joinder rule compelled the district attorney to bring all charges in a single charging document. The Colorado Supreme Court held that the compulsory joinder rule prohibited the subsequent prosecution for the felony offense, reasoning that if the prosecuting authorities have knowledge of other offenses at a time

when jeopardy attaches, which should have been joined in a single prosecution or should have been the basis to amend the charges to consolidate separately filed cases in a single prosecution, then the defendant cannot be prosecuted for other offenses based on the same act or series of acts arising from the same criminal episode. The court in *Jeffrey* concluded that "[s]uch a rule not only protects an accused from unnecessary sequential prosecutions but also safeguards the 'ethical and diligent prosecutor from technical, arbitrary bans to subsequent prosecution of companion offenses discoverable too late to permit consolidation.' "

197 W.Va. at 44, 475 S.E.2d at 44 (citations omitted). Again, we opined that "the mandatory joinder rule requires the defendant to be tried in a unitary trial for multiple offenses arising out of the same transaction in order to avoid the harassment and anxiety of multiple trials." 197 W.Va. at 43, 475 S.E.2d at 43 (footnote omitted). Finally, we held in Syllabus Point 3 of *Canady*,

Rule 8(a) of the West Virginia Rules of Criminal Procedure compels the prosecuting attorney to charge in the same charging document all offenses based on the same act or transaction, or on two or more acts or transactions, connected together or constituting parts of a common scheme or plan, whether felonies, misdemeanors or both, provided that the offenses occurred in the same jurisdiction, and the prosecuting attorney knew or should have known of all the offenses, or had an opportunity to present all offenses prior to the time that jeopardy attaches in any one of the offenses.

Thus, we made it clear that it is the attachment of jeopardy that bars subsequent prosecutions of related offenses as defined in Rule 8(a).

■ In 1996, Rule 8(a) was amended and now provides in subsection (2) as follows:

(2). Mandatory joinder.—If two or more offenses are known or should have been known by the exercise of due diligence to the attorney for the state at the time of the commencement of the prosecution and were committed within the same county having jurisdiction and venue of the offenses, all such offenses upon which the attorney for the state elects to proceed shall be prosecuted by separate counts in a single prosecution if they are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan whether felonies or misdemeanors or both. Any offense required by this rule to be prosecuted by a separate count in a single prosecution cannot be subsequently prosecuted unless waived by the Defendant.

Subsequent to this amendment, we have reiterated that the purposes of Rule 8(a)(2) of the West Virginia Rules of Criminal Procedure are "to avoid the harassment and anxiety of multiple trials for defendants[ ] ... [and to] promote[ ] efficiency and fiscal economy within our judicial system by holding a unitary trial." *State ex rel. State v. Hill*, 201 W.Va. 95, 101, 491 S.E.2d 765, 771 (1997) (footnote and internal quotation marks omitted). Although avoiding multiple trials for related crimes has been the stated purpose of Rule 8(a) since its inception, the amended language in Rule 8(a)(2) states this purpose with greater clarity. Whereas the former rule said that all offenses arising from the same transaction *shall be charged in the same indictment or information,* the amended rule provides that such offenses *shall be prosecuted in a single prosecution.* According to *Black's Law Dictionary* 1237 (7th ed.1999), a "prosecution" is, in part, "[a] criminal proceeding in which an accused person is *tried.*" (Emphasis added).[3]

■ Accordingly, we now hold that under Rule 8(a)(2) of the West Virginia Rules of

**3.** Cases in which the issue of mandatory joinder has arisen in this Court involve factual situations where jeopardy arguably had attached in previous trials. *See State v. Hubbard,* 201 W.Va. 47, 491 S.E.2d 305 (1997) (rejecting appellant's claim that indictments for drug-related offenses occurring in 1993 should have been joined with offenses for drug-related offenses in 1994 for which appellant was convicted); *State ex rel. State v. Hill, supra* (finding that State was not required to join murder charge with kidnapping charge where it was alleged that appellant murdered person he already had been convicted of kidnapping); *State v. Jenkins,* 204 W.Va. 347, 512 S.E.2d 860 (1998) (reversing forgery conviction where forgery charge was added to indict-

Criminal Procedure, when the prosecuting attorney is or should be aware of two or more offenses committed within the same county and which are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan, whether felonies or misdemeanors, all such offenses must be prosecuted in a single prosecution. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted only if jeopardy attached to any of the offenses in the initial prosecution.[4]

Applying this holding to the instant facts, we conclude that Rule 8(a)(2) does not prevent the prosecution of Petitioner for the offenses contained in the August 25, 2003, indictment because there was not a prosecution of any of the offenses in the original indictment. In other words, jeopardy never attached to any of the offenses originally charged. " 'One is in jeopardy when he [or she] has been placed on trial on a valid indictment, before a court of competent jurisdiction, has been arraigned, has pleaded and a jury has been impaneled and sworn.' *Brooks v. Boles*, 151 W.Va. 576, 153 S.E.2d 526 (1967)." Syllabus Point 1, *Adkins v. Leverette*, 164 W.Va. 377, 264 S.E.2d 154 (1980). In the instant case, Petitioner was never placed on trial on the first indictment, and a jury was never impaneled and sworn.

We note, in closing, that our decision herein is consistent with the purposes of Rule 8(a)(2) of preventing the harassment and anxiety caused by multiple trials and promoting the efficiency of a unitary trial. In the instant case, Petitioner was not subjected to, and the State did not bear the expense of, a trial on the original indictment. Finally, we have indicated that Rule 8(a)(2) "is not intended to afford a defendant with a procedural expedient to avoid a prosecution."

*State v. Johnson*, 197 W.Va. at 587, 476 S.E.2d at 534 (*quoting Commonwealth v. Bartley*, 262 Pa.Super. 390, 396 A.2d 810, 813 (1979)). Application of Rule 8(a)(2) as urged by Petitioner would do exactly that.

### IV.

### CONCLUSION

For the reasons stated above, we find that Rule 8(a)(2) of the West Virginia Rules of Criminal Procedure does not mandate the dismissal of the August 25, 2003, indictment against Petitioner because jeopardy did not attach to any of the offenses charged against Petitioner in the original indictment. Having concluded that Petitioner does not have a clear legal right to the relief sought, and Respondent does not have a legal duty to do the thing which Petitioner seeks to compel, we deny the writ requested by Petitioner, and we dismiss the rule to show cause previously issued.

Writ denied.

---

ment subsequent to appellant's uttering conviction and its reversal by Court); *State ex rel. Bosley v. Willet*, 204 W.Va. 661, 515 S.E.2d 825 (1999) (denying petitioner's writ seeking dismissal of charges of DUI and driving on license suspended for DUI where petitioner previously pled guilty to hunting violations allegedly occurring on same night as DUI offenses); *State v. Duskey*, 178 W.Va. 258, 358 S.E.2d 819 (1987) (reversing appellant's convictions of conspiracy to commit arson and possession of molotov cock-

tail where State already tried appellant for arson and where all three charges arose from same transaction).

4. Of course, while the State initially has the duty to join offenses pursuant to Rule 8(a)(2), the offenses subsequently may be severed pursuant to Rule of Criminal Procedure 14(a) when it appears that a defendant or the State is prejudiced by a joinder of offenses.