# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 11-1774** (Wood County 10-F-101)

**Denzil Wayne Dowler,**
**Defendant Below, Petitioner**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Courtney L. Ahlborn, arises from the Circuit Court of Wood County, wherein he was sentenced to a term of twelve months in jail following his jury conviction of battery by order entered on December 1, 2011. The State, by counsel Russell J. Skogstad Jr., has filed its response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On the night of November 22, 2009, petitioner was involved in a physical altercation with several individuals, including David Kyer. An officer responded to the scene in the early hours of November 23, 2009, and found petitioner intoxicated. After refusing to leave the scene, petitioner was arrested for public intoxication, disorderly conduct, and obstructing an officer. At approximately 10:00 a.m. on November 23, 2009, Mr. Kyer filed a report with the Parkersburg Police Department in regard to his physical altercation with petitioner. On December 14, 2009, a warrant was issued for petitioner's arrest on charges of malicious assault stemming from his altercation with Mr. Kyer. On March 4, 2010, petitioner pled guilty in magistrate court to obstructing an officer. The charges of public intoxication and disorderly conduct were dismissed. Petitioner was sentenced to four months in jail, which was suspended in lieu of one year of unsupervised probation.

During the May 2010 term of court, petitioner was indicted by a grand jury on one count of malicious assault. After appearing for arraignment on the malicious assault charge, petitioner filed a motion to dismiss under Rule 8(a) of the West Virginia Rules of Criminal Procedure under a claim of mandatory joinder. The motion was denied. Petitioner had a three day jury trial, after which he was found guilty of misdemeanor battery and was sentenced to twelve months of incarceration. Petitioner filed a motion for reconsideration of sentence, which the circuit court

1

granted, ordering that petitioner be allowed to serve the remainder of his sentence on electronic monitoring through the Wood County Sheriff's Department's Home Confinement Office.

On appeal, petitioner alleges two assignments of error. First, he argues that the circuit court erred in denying his motion to dismiss the indictment because the denial constituted a violation of his constitutional rights against double jeopardy. According to petitioner, Rule 8 of the West Virginia Rules of Criminal Procedure required that all the criminal charges in both his magistrate and circuit court proceedings be joined into a single prosecution. Petitioner argues that joinder was required because all the offenses occurred in Wood County, the prosecutor had knowledge of the offenses and the opportunity to attend the proceedings for the first three offenses, and because all the offenses were part of the same incident. Second, petitioner alleges that the circuit court should have dismissed the indictment for malicious assault because the grand jury was substantially influenced by dishonest testimony from Detective Chris Morehead. Petitioner cites a responding officer's trial testimony to argue that Detective Morehead made several false statements to the grand jury. Additionally, petitioner argues that the detective actually recanted his grand jury testimony during cross-examination at trial.

We have previously held that

[t]his Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo*. However, in addition to the *de novo* standard, where the circuit court conducts an evidentiary hearing upon the motion, this Court's "clearly erroneous" standard of review is invoked concerning the circuit court's findings of fact.

Syl. Pt. 1, *State v. Grimes*, 226 W.Va. 411, 701 S.E.2d 449 (2009). Upon our review, the Court finds no error in regard to the circuit court's denial of petitioner's motion to dismiss. We have previously held that

[u]nder Rule 8(a)(2) of the West Virginia Rules of Criminal Procedure, when the prosecuting attorney is or should be aware of two or more offenses committed within the same county and which are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan, whether felonies or misdemeanors, all such offenses must be prosecuted in a single prosecution. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted only if jeopardy attached to any of the offenses in the initial prosecution.

Syl. Pt. 3, *State ex rel. Blaney v. Reed*, 215 W.Va. 220, 599 S.E.2d 643 (2004). It is clear that the crimes with which petitioner was charged were based upon two distinct acts or transactions, the first being his physical altercation with the victim and the second coming some time later after an officer encountered petitioner in the same location. Other than the fact that petitioner was arrested in the same location after he committed the act giving rise to the malicious assault charge, there is no indication the events are related in any way such that joinder was required. For these reasons, the Court finds no error in denying petitioner's motion to dismiss.

Further, we have previously held that

> "[e]xcept for willful, intentional fraud the law of this State does not permit the court to go behind an indictment to inquire into the evidence considered by the grand jury, either to determine its legality or its sufficiency." Syl. Pt., *Barker v. Fox*, 160 W.Va. 749, 238 S.E.2d 235, 235 (1977).

Syl. Pt. 2, *State ex rel. Pinson v. Maynard*, 181 W.Va. 662, 383 S.E.2d 844 (1989). Based upon the petition and the record, it is clear that petitioner has not alleged a set of facts that, if true, would establish a willful, intentional fraud during the grand jury proceedings below. While petitioner does allege that Detective Morehead testified to inaccurate information during the grand jury proceeding, we find that these alleged mistakes did not warrant dismissal of the indictment. In fact, any alleged untruthful statements were dealt with as credibility issues taken up on cross-examination of the witness and were left to the province of the jury. Accordingly, we apply the following to this matter:

> "[D]ismisal of [an] indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict' or if there is 'grave doubt' that the decision to indict was free from substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 261-62, 108 S.Ct. 2369, 101 L.Ed.2d 228, 238 (1988) (citing *United States v. Mechanik*, 475 U.S. 66, 78, 106 S.Ct. 938, 945, 89 L.Ed.2d 50 (1986) (O'Connor, J., concurring)).

Syl. Pt. 6, *State ex rel. Pinson v. Maynard*, 181 W.Va. 662, 383 S.E.2d 844 (1989). Upon our review, we find that the circuit court did not err in denying petitioner's motion to dismiss.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis
Justice Margaret L. Workman

3