STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**Dewayne Vass,**
**Plaintiff Below, Petitioner**

**FILED**

June 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0456** (Kanawha County 11-AA-123)

**West Virginia Massage Therapy Licensure Board,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dewayne Vass, by counsel David L. White, appeals the Circuit Court of Kanawha County's order, entered March 6, 2012, affirming the decision entered May 4, 2010, by the West Virginia Massage Therapy Licensure Board suspending petitioner's license. Respondent West Virginia Massage Therapy Licensure Board, by counsel Gregory G. Skinner, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2008, T.G.[1] began seeing petitioner for massage therapy due to pain in her legs, arms, and neck. On March 2, 2010, a few days after her third massage session, T.G. contacted the authorities alleging that petitioner sexually assaulted her during the final session. T.G. contacted respondent about petitioner, leading to the Board's investigation. The Board found that over three therapy sessions on February 23, 25, and 27, 2010, petitioner made increasingly direct sexual advances toward T.G., who testified that petitioner made suggestions that he give T.G. "pelvic floor therapy," despite T.G. telling petitioner she did not need or want such therapy. The Board found that petitioner massaged petitioner's breasts and buttocks in the massage sessions and, on the final session, inserted his fingers into T.G.'s vagina and touched her vaginal area with his mouth.

Both petitioner and respondent presented witness testimony to the hearing examiner. Petitioner offered the testimony of his girlfriend, who also works with him; a former receptionist; and several character witnesses. The hearing officer found that petitioner's witnesses were not credible for the following reasons: his girlfriend had a direct stake in the outcome of the case; the former receptionist relayed detailed information about the day of the final massage session,

---

[1] This matter concerns an alleged victim of sexual abuse, therefore we follow our traditional practice in cases involving sensitive facts and use only the initials of the alleged victim. *See State ex rel. Blaney v. Reed*, 215 W.Va. 220, 222 n. 1, 599 S.E.2d 643, 645 n.1 (2004).

1

despite allegedly watching her child, and "became agitated, defensive, and nervous during her testimony"; and the character witnesses only had minimal interaction with petitioner upon which to base their testimony. By contrast, the hearing examiner found T.G.'s testimony to be credible, due in part to its consistency with petitioner's former clients' testimony that petitioner made lewd comments regarding their anatomy and conducted breast massages to which the clients never consented. Additionally, the hearing examiner found credible the testimony from T.G.'s counselor that someone with T.G.'s history of sexual abuse would be more likely to wait to report the incident, and testimony by Robert Rogers, owner and director of the Mountain State School of Massage, who testified that petitioner violated several provisions in massage therapy regulations. After considering the evidence, the Board suspended petitioner's license to practice massage therapy. Petitioner appealed the suspension to the circuit court, which affirmed the board's findings and conclusions of law in its order dated March 6, 2012. Petitioner appeals the circuit court order to this Court.

> "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syllabus point 1, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996).

Syl. Pt. 1, *McDaniel v. West Virginia Division of Labor*, 214 W.Va. 719, 591 S.E.2d 277 (2003). Here, petitioner alleges no error of law but disputes only the findings of fact by the hearing examiner; therefore, this Court must affirm the circuit court unless the findings of fact were clearly wrong. T.G.'s testimony is compelling, materially consistent, and was supported by the testimony of other clients, but petitioner's testimony and his witnesses' testimony has material inconsistencies that raise questions regarding the truthfulness of the claim. We reject petitioner's argument that the case is merely a "he said, she said" dispute, pitting petitioner's testimony against T.G.'s, because T.G.'s testimony was supported by the testimony of previous clients and petitioner's witnesses were found not credible, at times contradictory to petitioner's testimony, and internally inconsistent. For these reasons, the circuit court was not clearly wrong to affirm the decision of the licensure board and the suspension of petitioner's license is hereby affirmed.

Affirmed.

**ISSUED**: June 10, 2013

**CONCURRED IN BY**:
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED**
Justice Margaret L. Workman